UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EDWIN D. SCHINDLER,
       *Plaintiff*,

v.

KATHI VIDAL,
       *Defendant.*

No. 1:24-cv-262-MSN-WBP

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on various motions, including Plaintiff's Motion for Declaration of Invalidity of Local Rule 83.5 (ECF 28), Plaintiff's Motion for De Novo Review by the District Court of Magistrate Judge's Order (ECF 30), Plaintiff's Motion for Summary Judgment on Count V of the Complaint (ECF 34), Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (ECF 38), and Plaintiff's Motion for Leave to File Motion for Summary (ECF 45). The Court will resolve each motion in turn and, for the reasons that follow, ultimately dismiss Plaintiff's claims (ECF 1).

**I.    BACKGROUND**

In essence, Plaintiff Edwin Schindler seeks Article III judicial review of the United States Patent and Trademark Office's ("USPTO") final decision that suspended him from practicing before the agency for two years. ECF 1 ("Compl."). That USPTO decision affirmed an Administrative Law Judge's ("ALJ") conclusion that Schindler had violated several USPTO Rules of Professional Responsibility.[1] *Id.* at ¶ 6. Plaintiff now asks this Court to reverse the USPTO's

---

[1] For example, Schindler would file applications and other papers with the USPTO that another practitioner, Michael Kroll (who had been suspended and later excluded from practicing before the USPTO), prepared. *See* ECF 10 at 1-2. The USPTO ultimately concluded that "Schindler had violated several USPTO regulations, including those

final disciplinary order, asserting several arguments in favor of his position, including that the ALJ delayed in issuing its decision (*id.* at ¶¶ 92-101), and that this Court's Local Rule 83.5[2] is unlawful and should be declared void (*id.* at ¶¶ 102-12). Consistent with this Court's Local Rules, the USPTO responded to Plaintiff's opening pleading. ECF 10. But Plaintiff improperly responded to that response with a deluge of filings, including a motion to declare Rule 83.5 invalid (ECF 28), a motion for *de novo* review of the Magistrate Judge's order denying default (ECF 30), his own motion for summary judgment on one of the arguments he presented in his opening pleadings (ECF 34), and, after defendant's motion to strike (ECF 34), a motion for leave to file a motion for summary judgment (ECF 45).

## II.     ANALYSIS

### A.     Default

Pursuant to Federal Rule of Civil Procedure 55, the entry of default against a party is warranted only when that party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As courts have recognized, consistent with the "strong policy" dictating "that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default is inappropriate when "a defendant appears and indicates a desire to contest an action," *Lee v. Bhd. of Maintenance of Way Employees*, 139 F.R.D. 376, 381 (D. Minn. 1991); *see also Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994).

Upon review of a Magistrate Judge's order on default, this Court reviews a "nondispositive" order only to determine whether it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Giganti v. Gen-X*, 222 F.R.D. 299, 304-05 n.9 (E.D. Va. 2004). If

---

precluding assistance with another practitioner's unauthorized practice of law, fee splitting, and inadequate communication with clients." *Id.* at 2.

[2] Local Rule 83.5 concerns the review of orders as to admission, suspension, or exclusion of practitioners before the USPTO.

the Magistrate Judge's order was "dispositive," this Court reviews the same *de novo*. *See* Fed. R. Civ. P. 72(b)(3).

Courts disagree as to whether an order on default is a dispositive motion, *see* ECF 32 at 7-8, but under either standard this Court will uphold Magistrate Judge Porter's order denying entry of default (ECF 27). Defendant timely responded to Plaintiff's Complaint consistent with the Court's local rules. *See* ECF 10. Accordingly, there is no default and Plaintiff's objections to the Magistrate Judge's refusal to enter default (ECF 30) are overruled.

**B.    Local Rule 83.5**

Under Local Rule 83.5, only a petitioner's opening pleading and the USPTO's response may be filed. *See* Loc. Civ. R. 83.5. No party may file any other substantive paper without prior leave of this Court. *Id.* This Court will therefore not authorize Plaintiff's additional filings, which were submitted several months after the close of briefing under Local Rule 83.5.[3] Accordingly, this Court will deny Plaintiff's motion for declaration of invalidity of Local Rule 83.5 (ECF 28), grant Defendant's motion to strike (ECF 38) Plaintiff's motion for summary judgment (ECF 34), and deny Plaintiff's subsequent motion for leave to file a motion for summary judgment (ECF 45).

**C.    Review of the USPTO Suspension Order**

The Court proceeds now to Plaintiff's ultimate challenge of the USPTO's final order. The USPTO "Director may, after notice and opportunity for a hearing, suspend ... from further practice before the [USPTO], any person ... shown to be incompetent or disreputable, or guilty of gross misconduct, or who does not comply with the regulations [governing patent attorneys promulgated by the USPTO]." 35 U.S.C. § 32. The Administrative Procedure Act ("APA") 5 U.S.C. §

---

[3] This Court also rejects Plaintiff's contention that Rule 83.5 is invalid. *See Kroll v. Lee*, 2017 WL 2240674, at *4 (E.D. Va. May 22, 2017) (finding that this Court properly acted on a congressional grant of authority in adopting Local Civil Rule 83.5 and the rule does not violate Article III).

500 *et seq.* governs this Court's review of the USPTO's suspension order. Accordingly, this Court will only set aside the USPTO's order if the petitioner can establish that the order was "arbitrary, capricious, or otherwise unlawful" under the APA's "highly deferential standard." *Chaganti v. Lee*, 187 F. Supp. 3d 682, 690 (E.D. Va. 2016) (quoting *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009)). This standard "is only met where a reviewing court can conclude with 'definite and firm conviction' that a clear error of judgment or a mistake has been committed." *President & Fellows of Harvard College v. Lee*, 589 Fed. Appx. 982, 986 (Fed. Cir. 2014) (quoting *PGBA, LLC v. United States*, 389 F.3d 1219, 1231 (Fed. Cir. 2004)).

This Court finds that the USPTO's disciplinary order does not constitute a "clear error of judgment." Because the USPTO "has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision," this Court finds no reversible error. *Cornish v. Dudas*, 715 F. Supp. 2d 56, 63 (D.D.C. 2010). Accordingly, this Court will dismiss Plaintiff's original petition.

### III.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Declaration of Invalidity of Local Rule 83.5 (ECF 28) is DENIED; it is further

ORDERED that Plaintiff's Motion for De Novo Review of the Magistrate Judge's Order (ECF 30) is DENIED; it is further

ORDERED that Plaintiff's Motion for Summary Judgment on Count V (ECF 34) is DENIED; it is further

ORDERED that Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (ECF 38) is GRANTED; it is further

ORDERED that Plaintiff's Motion for Leave to File Motion for Summary Judgment on Count V (ECF 45) is DENIED; it is further

ORDERED that Plaintiff's Motion to Vacate Hearing Scheduled for July 12, 2024 (ECF 47) is DENIED AS MOOT; it is further

ORDERED that Defendant's Consent Motion for Leave to File Excess Pages (ECF 9) is DENIED AS MOOT; and it is further

ORDERED that Plaintiff's Complaint (ECF 1) is DISMISSED.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

January 16, 2025
Alexandria, Virginia